

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MUQTASID A. QADIR, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:13-CV-717-C |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I.  FINDINGS AND CONCLUSIONS

#### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B.  PARTIES

Petitioner Muqtasid A. Qadir, TDCJ-ID # 743563, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Iowa Park, Texas.

Respondent William Stephens is the Director of TDCJ. No service has issued upon Respondent.

### C. FACTUAL AND PROCEDURE HISTORY

The history relevant to this case is set forth in the magistrate judge's findings and conclusions in *Qadir v. Quarterman*, Civil Action No. 4:07-CV-114-Y. This petition is petitioner's second federal petition for writ of habeas corpus pursuant to § 2254 in which he challenges his 1996 state court conviction for murder in Tarrant County, Texas.[1] (Pet. at 3) His prior petition was dismissed as time barred on July 18, 2007. Since that time, petitioner has pursued a motion for DNA testing in the state trial court, which was denied, and the order of denial was upheld on appeal. *See Qadir v. State*, No. 2-09-276-CR, 2010 WL 3377794 (Tex. App.–Fort Worth Aug. 27, 2010) (unpublished); *Qadir v. State*, PDR No. 1324-10.

### D. SUCCESSIVE PETITION

Title 28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2).[2] Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3); *In re Johnson*, 322 F.3d 881, 882 (5th Cir. 2003). The fact that an earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of §

---

[1] Although petitioner did not pay the $5.00 filing fee or file an application to proceed in forma pauperis, a notice of deficiency was not issued because the petition is successive and barred under §2244(b).

[2] Specifically, 28 U.S.C. § 2244(b) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless–

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

2244(b).  *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Anders v. Cockrell*, No. 03:02-CV-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003); *Somerville v. Cockrell*, No. 3:02-CV-0380-L, 2002 WL 31441226, at *2 (N.D. Tex. Oct. 29, 2002).

From the face of this petition, it is apparent that this is a successive petition, and petitioner has not demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). *See also Kutzner v. Cockrell*, 303 F.3d 333, 338-39 (5th Cir.), *cert. denied*, 536 U.S. 978 (2002) (section 2254 petition challenging denial of motion for DNA testing constituted successive habeas petition); *Stewart v. Quarterman,* 203 Fed. Appx. 587, 588, 2006 WL 3019446, at *1 (5th Cir. 2006) (in light of petitioner's contention that DNA evidence was potentially exculpatory the habeas petition challenging the denial of DNA evidence was a second or successive § 2254 application); *Rogers v. Cockrell,* No. 4:02-CV-954-Y, 2003 WL 21246099, at *2 (N.D. Tex. Apr. 14, 2003) (habeas petition raising DNA testing claim was "essentially an attack on his conviction and sentence on similar grounds raised in the previous petition").  This court is, therefore, without jurisdiction to consider the petition. *Kutzner*, 303 F.3d at 339; *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *Hooker*, 187 F.3d at 681-82.

Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit Court of Appeals to determine whether the petitioner should be allowed to file the petition in the district court.  *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

## II. RECOMMENDATION

It is recommended that this action be transferred to the United States District Court of Appeals for the Fifth Circuit to determine whether a successive § 2254 should be allowed.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September ___*19*___, 2013.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September ___*19*___, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September _____ 5 _____, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE